UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:23-CR-00107-WKS-1 |
| SIENA LEANG, | |
| Defendant. | |

## PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, SIENA LEANG, agree to the following in regard to the disposition of pending criminal charges.

1. SIENA LEANG agrees to plead guilty to the Information charging her with unlawfully, knowingly, and intentionally possessing a controlled substance, in violation of 21 U.S.C. § 844(a).

2. SIENA LEANG understands, agrees, and has had explained to her by counsel that the Court may impose the following sentence on her plea: up to one year of imprisonment, pursuant to 21 U.S.C. § 844; up to one year of supervised release, pursuant to 18 U.S.C. § 3583(b)(3); up to a five-year period of probation pursuant to 18 U.S.C. § 3561(c)(2); up to a $100,000 fine, pursuant to 18 U.S.C. § 3571(b)(5), and a mandatory fine of $1,000 (except if the Court finds an inability to pay), pursuant to 21 U.S.C. § 844; and a $25 special assessment, pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii).

3. SIENA LEANG agrees to plead guilty because she is, in fact, guilty of the above crime.

4. SIENA LEANG stipulates to, agrees with, and admits the following facts:

1

a. In February 2023, SIENA LEANG was the lessee of 16 Abenaki Way, Apartment #610 in Winooski, Vermont. SIENA LEANG agreed with other individuals who were not on the lease, that they would visit and stay at 16 Abenaki Way, Apartment #610 in Winooski, Vermont. To that end, SIENA LEANG made the apartment available to drug dealers to package drugs for distribution and to use the kitchen of the apartment to do so. The dealers would purchase and sell their drugs in interstate commerce.

b. On February 26, 2023, investigators executed a search warrant on 16 Abenaki Way, Apartment #610 in Winooski, Vermont. Investigators found approximately 134.043 grams of fentanyl, approximately 700 glassine bags containing suspected fentanyl that appeared prepared for street-level distribution, approximately 577.7 grams of cocaine and cocaine base (crack), and additional drug paraphernalia (including scales used to weigh quantities of controlled substances, baking soda which can be used as a cutting agent, a portable blender, and a measuring cup).

c. SIENA LEANG knew that the fentanyl, cocaine base, cutting agents, and drug paraphernalia were in her apartment, allowed those items to be stored there, and exercised control over the items in her apartment.

d. In February 2023 fentanyl, cocaine, and cocaine base were Schedule II controlled substances.

5. SIENA LEANG understands that it is a condition of this agreement that she refrain from committing any further crimes, whether federal, state, or local, and that if on release she will abide by all conditions of release.

11/18/24 SL

6.  SIENA LEANG acknowledges that she understands the nature of the charges to which she will plead guilty and the possible penalties. She also acknowledges that she has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. She understands that by pleading guilty, she will waive these rights. She also understands that if her guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

11/18/24 SL

7.  SIENA LEANG fully understands that she may not withdraw her plea because the Court declines to follow any recommendation, motion, or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

11/18/24 SL
8.      SIENA LEANG fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. SIENA LEANG acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category. SIENA LEANG understands her criminal history could impact both the offense level and the criminal history category applicable to her Guideline calculation. She fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. She acknowledges that in the event that any estimates or predictions by her attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of her plea of guilty, modification of her sentence, or for appellate or post-conviction relief.

11/18/24
9.      Upon demand, SIENA LEANG shall furnish the United States Attorney's Office a personal financial statement and supporting documents relevant to the ability to satisfy any fine or restitution that may be imposed in this case. SIENA LEANG expressly authorizes the United States Attorney's Office to obtain a credit report on her at any time before or after sentencing in order to evaluate her ability to satisfy any financial obligation imposed by the court. If the court orders restitution and/or a fine due and payable immediately, SIENA LEANG agrees that the U.S. Attorney's Office is not precluded from pursuing any other means by which to satisfy her full and immediately enforceable financial obligation. SIENA LEANG understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

11/18/24 SL
10.     SIENA LEANG agrees to provide the Clerk's office, at the time this plea agreement is executed, a bank cashier's check, certified check, or postal money order payable to the Clerk, United States District Court, in payment for the mandatory special assessment of $25

4

for which she will be responsible when sentenced. She understands and agrees that, if she fails to pay the special assessment in full prior to sentencing, the sentencing recommendation obligations of the United States under this plea agreement will be terminated, and the United States will have the right to recommend that the Court impose any lawful sentence. Under such circumstances, she will have no right to withdraw her plea of guilty.

11. SIENA LEANG is aware that her guilty plea may result in the loss of certain government benefits, including housing subsidies, food stamps, and some Social Security benefits, pursuant to 21 U.S.C. § 862 and § 862a.

12. The United States agrees that in the event that SIENA LEANG fully and completely abides by all conditions of this agreement, the United States will:

> a. dismiss, without prejudice, the Second Superseding Indictment in this matter, which was returned on November 7, 2024;
>
> b. recommend that she receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) she cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which she is accountable under U.S.S.G. § 1B1.3, (2) she abides by the conditions of her release, and (3) provided that no new information comes to the attention of the United States relative to the issue of her receiving credit for acceptance of responsibility; and
>
> c. move for an additional one-point credit for timely acceptance of responsibility if the offense level (before acceptance) is 16 or greater and she meets the conditions in the subparagraph above.

13.     If the United States determines, in its sole discretion, that SIENA LEANG has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute her for any other offenses she may have committed in the District of Vermont. SIENA LEANG understands and agrees that, under such circumstances, she will have no right to withdraw her previously entered plea of guilty.

14.     SIENA LEANG and the United States agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that the Court should impose either (1) a term of probation between one and five years or (2) a one-year period of supervised release. SIENA LEANG waives any right she may have to seek early termination of supervised release or probation, pursuant to 18 U.S.C. §§ 3583(e)(1), 3564(c), unless the United States consents to such early termination.

15.     SIENA LEANG agrees to waive any right she may have under 18 U.S.C. § 3607 for pre-judgment probation for this misdemeanor drug possession offense and waives any right for expungement of this offense under 18 U.S.C. § 3607. In other words, SIENA LEANG agrees to be sentenced for this misdemeanor and that a final judgment may be entered against her in the public record.

16.     SIENA LEANG agrees that she waives any rights she has under Fed. R. Evid. 410(a) and Fed. R. Crim. P. 11(f), or any other provision of law, to assert that the oral and written statements she made in connection with the prosecution of the Second Superseding Indictment, returned on November 7, 2024, and her subsequent plea of guilty to misdemeanor drug possession in this matter, are inadmissible in any future proceeding against her. SIENA LEANG also agrees

that notwithstanding any contrary provision of law, the United States may use any of her prior statements or testimony, including those statements she made at any hearings in this matter, her plea agreements, and interviews of her, as evidence against her in any future criminal proceedings, if the United States, in its sole discretion, determines it is appropriate to pursue additional charges against her.

17. SIENA LEANG agrees that the United States is not barred under the Double Jeopardy clause, or any other provision of law, from charging her with any drug trafficking or drug trafficking facilitation offenses related to the same offense conduct involved in her plea of guilty to this misdemeanor drug possession offense if the United States, in its sole discretion, determines it is appropriate to pursue additional misdemeanor or felony charges against her.

18. SIENA LEANG agrees to waive any rights she may have under 18 U.S.C. § 3282, or any other statute, or any constitutional provision, that any subsequent federal prosecution of her for any offenses related to the offense conduct in this matter, that is, maintaining a drug-involved premises and false statements to a federal agent, as charged in the Second Superseding Indictment, is barred by any limitations period or any right to a speedy trial. The waiver described in this paragraph extends to December 3, 2029. SIENA LEANG agrees the United States retains sole discretion in determining whether it is appropriate to pursue such prosecution. Reasons why the United States might recharge the original offenses or pursue additional charges against SIENA LEANG include, but are not limited to: violating any term of probation or supervised release imposed in this case; unlawful use of controlled substances; committing new federal, state, or local crimes; failing to maintain contact with her probation officer, or providing false information to that officer; failing to participate in substance abuse treatment as directed; and/or unlawfully possessing firearms and/or ammunition.

11/18/24 SL

19. It is understood and agreed by the parties that should SIENA LEANG's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States, and she may be prosecuted for any and all offenses otherwise permissible. SIENA LEANG also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

11/18/24 SL

20. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state, or local prosecuting authorities.

11/18/24 SL

21. SIENA LEANG expressly states that she makes this agreement of her own free will, with full knowledge and understanding of the agreement and with the advice and assistance of her counsel, BROOKS MCARTHUR, Esq. SIENA LEANG further states that her plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, SIENA LEANG expressly states that she is fully satisfied with the representation provided by her attorney, BROOKS MCARTHUR, Esq., and has had full opportunity to consult with her attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

22. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

11/18/24
Date

By: _____
ZACHARY B. STENDIG
JOSHUA L. BANKER
Assistant U.S. Attorneys

11/18/24
Date

_____
SIENA LEANG
Defendant

I have read, fully reviewed, and explained this agreement to my client, SIENA LEANG. I believe that she understands the agreement and is entering into the agreement voluntarily and knowingly.

11/13/24
Date

_____
BROOKS MCARTHUR, Esq.
Counsel for the Defendant

9