UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:23-CR-00107 |
| v. ) | |
| ) | |
| SIENA LEANG, ) | |
|     Defendant. ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The Defendant, who was 19-year-old at the time of her offense, allowed her boyfriend and his associates to cook crack cocaine and store a distribution quantity of narcotics in her apartment. In so doing, she possessed controlled substances. The Court should impose a period of probation of 18-months for her offense.

**Offense Conduct & Procedural History**

I.   *Offense Conduct.*

As set forth in Paragraphs 11–16 of the Presentence Investigation Report (PSR), the Defendant possessed narcotics while making her apartment available to drug dealers. The apartment also contained evidence that drugs had been packaged and manufactured in the apartment, as shown by the digital scales, blender, baking soda, and measuring cup found there. Law enforcement discovered this illegal activity after a fire crew discovered evidence of it when responding to an alarm.

II.   *Procedural History.*

On October 2, 2023, a grand jury sitting in Burlington, Vermont, returned a one-count indictment charging the Defendant with making her apartment available for unlawfully storing, distributing, and using controlled substances, in violation of 21 U.S.C. § 856(a)(2). *See* Indictment, DE1. The Defendant made her initial appearance on October 18, 2023, and the Court released her on conditions. *See* Minute Entry, DE6; Order Setting Conditions of Release, DE9. The case then

1

proceeded through two superseding indictments and moved toward a trial date. *See* Superseding Indictment, DE27; Notice of Hearing, DE 34; Second Superseding Indictment, DE 39.

Nevertheless, on December 5, 2024, and pursuant to a plea agreement, the Defendant pleaded guilty to a superseding information charging her with a single count of possession of a controlled substance, in violation of 21 U.S.C. § 844(a). *See* Information, DE43; Plea Agreement, DE44; Minute Entry, DE47.

## Guidelines Calculations & Plea Agreement

The Probation Office correctly calculated the Defendant's offense level in Paragraphs 21-29 of the PSR. The Defendant's base offense is 8 pursuant to U.S.S.G. § 2D2.1(a)(1). Two levels are then subtracted for the Defendant's acceptance of responsibility pursuant to U.S.S.G. 3E1.1(a). And another two levels are subtracted pursuant to U.S.S.G. § 4C1.1 because the Defendant has zero criminal history points. Her total offense level is therefore 4. With a criminal history category of I, the Defendant's guidelines sentencing range is 0-6 months of incarceration, a Zone A sentence.

However, the Parties have agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the Court should impose a sentence of either (1) a term of probation between one and five years, or (2) a one-year period of supervised release. *See* Plea Agreement, DE44, at ¶ 14.

The Court should accept this agreement. The Defendant is significantly less culpable than those who were using her apartment to manufacture, package, and store narcotics. Her plea to a misdemeanor possession charge reflects her relatively culpability for the conduct described in PSR. The Defendant's applicable guidelines range, which is a Zone A sentence, also reflects her relative culpability. An applicable guideline range in Zone A of the Sentencing Table makes the Defendant eligible for a probationary sentence pursuant to U.S.S.G. § 5B1.1(a)(1). *See also* 18 U.S.C. § 3561 (setting out the statutory requirements for a probationary sentence). In fact, the Defendant's PSR correctly notes that because the Defendant receives the zero-point offender adjustment in § 4C1.1,

the Sentencing Guidelines recommend a sentence other than a sentence of imprisonment. *See* PSR ¶ 59 (citing U.S.S.G. § 5C1.1, App. Note 10). The proposed sentencing range is within those set out in Sentencing Guidelines and is, therefore, an appropriate range for this case.

The Defendant, moreover, was nineteen years old at the time that she committed this offense, and she has since accepted responsibility for her actions. She is now a mother. Indeed, the Defendant appears to have noticeably matured since she committed her offense.

In short, the Court will be able to meaningfully exercise its sentencing authority under the terms of the proposed plea agreement. The Government therefore respectfully requests the Court to accept the parties' Rule 11(c)(1)(C) agreement.

### The Government's Request Under the § 3553(a) Factors

Acknowledging that the Defendant has been on pretrial supervision for nearly 18 months without incident, the Government respectfully requests that the Court impose a sentence of 18 months of probation. An 18-month period of probation is sufficient but no greater than necessary to achieve the purposes of sentencing found in 18 U.S.C. § 3553(a)(2).

The nature and circumstances of the offense make a probationary, 18-month sentence appropriate in this case. *See* 18 U.S.C. § 3553(a)(1). The Defendant possessed fentanyl, cocaine, and cocaine base in her apartment while letting her drug-dealing boyfriend and his associates store those drugs in her apartment. Although not as serious as directly dealing drugs, hosting a drug dealer is nevertheless serious. And unlike many who end up hosting drug dealers, the Defendant has no substance abuse history: addiction did not cause the Defendant to commit her offense. *See* PSR ¶¶ 47-49. At the same time, the Defendant's crime is not a violent one. Probationary sentences can be appropriate for such non-violent, limited crimes.

The history and characteristics of the Defendant also support a probationary sentence. *See* 18 U.S.C. § 3553(a)(1). The Defendant, who was nineteen at the time of the offense, tried to strike out

on her own and exercised incredibly poor judgment in doing so. *See* PSR ¶ 41. She claims to have had a normal, decent childhood. *See* PSR ¶ 40. She graduated from high school and a technology program with a concentration in dental care. *See* PSR ¶¶ 50-51. That education allowed her to find a job upon graduating from high school. *See* PSR ¶ 53. But rather than building on that foundation, the Defendant let herself be attracted to what she thought was a more glamorous lifestyle and took a shortcut. The Defendant possessed narcotics because she had romantic feelings for a drug dealer and thought that her relationship with him would bring her money and a different life.

      Given that background, an 18-month probationary sentence is sufficient but no greater than necessary to serve as just punishment for the offense and to address the need for deterrence. *See* 18 U.S.C. § 3553(a)(2). Such a sentence will mean that, as a practical matter, the Defendant will have spent three years under federal supervision by the time that she completes her probationary sentence. *See also* PSR ¶ 64 (noting that a maximum term of probation should be no more than three years pursuant to U.S.S.G. § 5B1.2(a)(2)). During that time, the Defendant became a mother and appears to have matured. She accepted responsibility for her actions. And the Defendant's plea agreement also precludes her from seeking to expunge the record of this conviction. *See* PSR ¶ 15. Her record will aways bear evidence of this episode. This fact, too, weighs in favor of finding that an 18-month term of probation is appropriate in this case by promoting respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A).

      For perspective, the Defendant will be twenty-two going on twenty-three when an 18-month probationary term ends. She started her supervision just after she turned twenty. Those she went to high school with will likely have spent those three years building their own lives and earning their independence. The Defendant, on the other hand, will have spent them under the supervision of federal probation officers. Such is just punishment under the circumstances. *See* 18 U.S.C. § 3553(a)(2)(A). An additional 18 months of supervision is therefore enough.

**Conclusion**

For all of those reasons, the Government respectfully asks the Court to impose an 18-month term of probation. This proposed sentence balances both the relative seriousness of the Defendant's crime and the need to provide just punishment for the Defendant's offense with the mitigating factors in this case.

Respectfully submitted,

UNITED STATES OF AMERICA

MICHAEL P. DRESCHER
Acting United States Attorney

By:    */s/ Joshua L. Banker*
      Joshua L. Banker
      Assistant U.S. Attorney
      P.O. Box 570
      Burlington VT 05402-0570
      (802) 651-8217